IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-83-BO

DIANA S. HALL,

Plaintiff,

v.

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*,

Defendant.

ORDER

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on April 26, 2013, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act.

Plaintiff protectively applied for SSI on May 28, 2008, alleging disability since April 30, 2008. Her claims were denied initially and on reconsideration. On July 26, 2010, an Administrative Law Judge (ALJ) held a hearing at which plaintiff, her counsel, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision on July 30, 2010, finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: anxiety, depression, and fibromyalgia. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform light work with some

non-exertional limitations. At step four, the ALJ found that plaintiff was unable to perform her past relevant work, but found at step five that, after considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff had not been under a disability since April 30, 2008.

Plaintiff contends that the ALJ did not properly evaluate the medical opinions, that the ALJ did not consider plaintiff's obesity under SSR 02-1p or as a severe impairment, and that the ALJ improperly evaluated plaintiff's credibility resulting in an RFC that is not supported by substantial evidence.

First, the ALJ did consider the opinion of Dr. McKnight, Tr. 19, though not when he was discussing the opinions of plaintiff's treating physicians. This was not error, or was harmless error at best, because Dr. McKnight saw plaintiff only twice in three months. *See* 20 C.F.R. § 416.902 (treating physician is defined as one who has an ongoing relationship with claimant, unless infrequent treatment or evaluation is typical for the condition). Second, Dr. Alloway's opinion that plaintiff should exercise as a part of her treatment is not inconsistent with his later statements that plaintiff was trying to exercise and that she is still extremely symptomatic on a daily basis. The ALJ's reliance on Dr. Alloway's opinion that plaintiff should exercise to support a finding that plaintiff would be able to perform some physical work functions was not therefore in error. Third, the ALJ gave the opinion of Dr. Mikhail, plaintiff's psychiatrist, little weight because his opinion was unsupported by the substantial medical evidence of record and plaintiff's own statements. The records from Dr. Mikhail's clinic repeatedly note that, though she was being treated for generalized anxiety disorder, during her visits her mood was often

euthymic, her memory was good, and that she had good attention and judgment. Tr. 344-364. Based on the foregoing, substantial evidence supports the ALJ's determination that Dr. Mikhail's opinion was not supported by substantial medical evidence. Finally, The ALJ's determination that plaintiff could perform pace work is not contradicted by the consultative examiner's (CE) opinion that plaintiff "may have difficulty tolerating the stress associated with day to day work activity." Tr. 221. Plaintiff's RFC limited plaintiff to simple, routine, and repetitive tasks with only occasional contact with the public and no more than occasional interaction and close coordination with co-workers. Substantial evidence supports the ALJ's determination that such a limitation adequately addressed plaintiff's limitations, including the CE's opinion that she may have difficulty tolerating the stress of work.

The ALJ's failure to consider plaintiff's obesity was error, though the Court finds in this instance that it was harmless. Obesity is defined as a severe impairment when alone or in conjunction with other impairments it significantly limits a claimant's ability to do basic work activities. SSR 02-1p. Though the record reflects that plaintiff was obese, it does not reflect that plaintiff's obesity alone or in conjunction with her psychiatric conditions or fibromyalgia significantly limited her ability to do basic work activities. *See* Tr. 323-343 (treatment notes discussing plaintiff's fibromyalgia without noting effects of plaintiff's obesity).

Finally, the Court finds that the ALJ's credibility assessment of plaintiff is supported by substantial evidence. When making the credibility determination, the ALJ found that while plaintiff's impairments could be reasonably expected to cause the alleged symptoms, plaintiff's statements concerning intensity, persistence, and limiting effects were not credible. 20 C.F.R. § 1529; SSR 96-7p. Plaintiff's conflicting statements about her abilities include that she routinely

cleaned her home, cooked, grocery shopped, and attended flea markets on one hand, Tr. 219-222, while on the other she reported that she spends a lot of her time in bed. Tr. 33. The Court finds no error in the ALJ's determination that plaintiff's ability to care for her niece, while not childcare in the traditional sense as her niece was fourteen at the time of the hearing, was inconsistent with plaintiff's reports that much of her day was spend in bed as such care was likely involved and potentially stress inducing due to her niece's psychiatric condition. Additionally, while plaintiff's inability to lose weight as directed by her physician may not have been properly considered in evaluating her credibility, the ALJ's determination was otherwise grounded in the record and based on his assessment of plaintiff's statements at the hearing, and it is not the province of this Court to substitute its own credibility determination for that of the ALJ. *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996).

## CONCLUSION

For the reasons discussed above, the Court holds that theit ALJ employed the correct legal standard and that his decision is supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 23] is DENIED, defendant's motion for judgment on the pleadings [DE 26] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED, this 18 day of June, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE